## Cincinnati, New Orleans & Texas Pacific Railway Company v. Science Hill Farmers' Telephone Company.

(Decided November 22, 1929.)

WILLIAM WADDLE, M. L. GALVIN and J. W. PECK for appellant.

W. M. CATRON for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

The Cincinnati, New Orleans & Texas Pacific Railway Company has prayed an appeal from a judgment for $350 recovered against it by Science Hill Farmers' Telephone company.

The right of way of the railway company runs practically north and south through the village of Science Hill. On the east side of its right of way the Western Union Telegraph Company maintains its lines, and on the west side of this right of way the railway company has a line of poles on which it maintains what is called a signal wire.

Running something near east and west and crossing this right of way about 30 feet south of the depot and at something like a right angle is a power line maintained by the Kentucky Utilities Company, which we shall call the K. U. line, and about 90 feet south of the K. U. line and practically parallel with it is a telephone line which crosses this railway company's right of way.

Between this K. U. line and the telephone line there is a roadway, about 18 feet wide, referred to as the "Union Road," and the proof is in some conflict as to whether it is a public road, or is a private road opened by the railway company to enable the public to get to and from its depot. It seems the railway company surfaced it and maintains it.

On June 22, 1928, the railway company was engaged in repairing this signal line. Ordinarily this line carries an electric current of 2,300 volts, but on this occasion and for the purpose of this work this current had been cut off.

The new signal wire had been erected and fastened in place. In erecting it the railway company claims a rope had been thrown over the K. U. line, and in pulling down that rope a knot in it caught on and pulled the wires of the K. U. line together, causing a short circuit which burned one of the K. U. lines in two. The contention of the telephone company is that this short circuit occurred when these men were taking down the old signal wire and was caused by that old wire falling across the K. U. wires and across the telephone line. It is claimed by the telephone company that, when this happened, a potential current of electricity was in some way lead into and through its switchboard, burning it out and rendering it worthless, because of which the telephone company instituted this action against the railway company to recover $800. A trial before a jury was had with the result noted.

The railway company is complaining of the instructions given and is insisting it should have had a peremptory instruction to find for it. Its contention appears to be sound. The telephone company had wholly failed by competent evidence to prove its alleged damages.

To sustain its contention it was incumbent on the telephone company to show not only its right to have its line where it was, and that the railway company had wrongfully led or allowed to go through its equipment a

potential current of electricity, but it must show a resulting damage done to its equipment.

To show that damage it must show that its equipment was worth less after the alleged occurrence than before, and thereon its proof wholly fails.

The court gave the jury, in instruction No. 2, the proper measure of damage, but this record does not contain evidence to support the verdict.

We find no fault in the instructions given, if the telephone company had any evidence to establish its alleged damage, but in the state of the record the court should have instructed the jury that it could find only nominal damages against the defendant. On the next trial there should be no reference to the purchase of a new board or its cost, and there should be a better showing whether this road called the Union Road was a public way or a private one opened and maintained by the railway company. Other questions are reserved.

Motion for appeal is sustained, and judgment reversed.